Filed 12/16/20  In re J.B. CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.B. a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B306805 (Super. Ct. No. 19JV00210) (Santa Barbara County) |
| SANTA BARBARA COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>P.B.,<br><br>    Defendant and Appellant. | |

P.B., the biological mother of J.B., appeals the juvenile court's order terminating her parental rights and freeing her son, J.B., for adoption.  (Welf. & Inst. Code, § 366.26).[1]  We affirm.

---

[1] All statutory references are to the Welfare and Institutions Code.

*Procedural History*

Appellant suffers from bipolar disorder and substance abuse (methamphetamine) that resulted in the May 31, 2019 detention of two-year-old J.B. Appellant was under the influence of methamphetamine, shrieking, and suffering extreme vacillating emotions. Nine days earlier, appellant was using methamphetamine, physically abusing J.B., and threatened to jump off a bridge with the infant. There were reports that appellant left J.B. alone in a room for hours, strapped to a car seat.

The trial court sustained a petition for failure to protect (§ 300, subd. (b)(1)) and abuse of a sibling (§ 300, subd. (j)), and bypassed services based on appellant's failure to reunify with a half-sibling (§ 361.5, subds. (b)(10) & (b)(11)). Services were provided for the biological father who was homeless but terminated at the six month review hearing for failure to follow the case plan.

Appellant requested a contested permanent placement hearing (§ 366.26), based on the theory that J.B. was not adoptable, and was asked to submit an offer of proof. At the 366.26 hearing, appellant's trial attorney said, "I've gone over the reports and records, as well as delivered service logs. I was unable to file an offer of proof." Appellant submitted on the section 366.26 report which recommended adoption. The trial court found the evidence was clear and convincing that J.B. was likely to be adopted and terminated parental rights.

*Adoptability*

Appellant contends the evidence does not support the finding that J.B. is adoptable. (§ 366.26, subd. (c)(1).) "The adoptability issue at a section 366.26 hearing focuses on the dependent child, e.g., whether his or her age, physical condition, and emotional state make it difficult to find a person willing to adopt. [Citation.]" (*In re A.A.* (2008) 167 Cal.App.4th 1292, 1311.) Although a finding of adoptability must be supported by clear and convincing evidence, it is low threshold test. (*In re K.B.* (2009) 173 Cal.App.4th 1275, 1292.) "The [trial] court must merely determine that it is 'likely' that the child will be adopted within a reasonable time. [Citations.] . . . It is irrelevant that there may be evidence which would support a contrary conclusion. [Citation.]" (*Ibid.*) On review, we determine whether the record contains substantial evidence from which the juvenile court could find clear and convincing evidence the child was likely to be adopted within a reasonable time. (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589; see *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011.)

Although J.B. suffered from delayed speech and aggressive behaviors when first detained, he made substantial progress after he was placed with the foster family. The section 366.26 report stated J.B. "is an adorable, charismatic, and loving three-year-old child. Developmentally, [J.B.] has a known speech delay, oppositional defiance, but has been receiving the appropriate services to support him in his developmental and emotional regulation. . . . He has been assessed to be adoptable based on his age and limited concerned with his development."

Appellant argues that the foster parents are not committed to adoption, prospective adoptive parents have not yet

been identified.  That is not the test.  What is required is clear and convincing evidence of the likelihood that J.B. will be adopted within a reasonable time.  (*In re Zeth S.* (2003) 31 Cal.4th 396, 406.)  "The likelihood of adoptability *may* be satisfied by a showing that a child is *generally* adoptable, that is, independent of whether there is a prospective adoptive family ""waiting in the wings."" [Citation.]"  (*In re A.A.*, *supra*, 167 Cal.App.4th at p. 1313.)

The cases cited by appellant are inapposite and involve older children who required specialized placement because of special needs (*In re Asia L.* (2003) 107 Cal.App.4th 498, 510-512), a nine-year-old child who required special care for a prosthetic eye and had lived with his mother for six years (*In re Jerome D.* (2000) 84 Cal.App.4th 1200, 1205-1207), and a special needs group of three siblings that required special placement (*In re K.B.*, *supra*, 173 Cal.App.4th at pp. 1291-1292).  Appellant provides a laundry list of J.B. developmental problems but cites no authority that these issues are so severe as to make the trial court's finding of adoptability unsupported by the evidence.  (*In re Lukas B.* (2000) 79 Cal.App.4th 1145, 1154.)  J.B.'s Court Appointed Special Advocate reported that J.B. is "a happy, rambunctious 3-year old" who is "very friendly and will greet you with a huge smile while immediately trying to engage you into playing with him."  He "is extremely inquisitive about everything" and "has made tremendous improvement."  Everyone agreed with that assessment:  the therapist, J.B.'s doctor, the social worker, and the caregivers.  In May, an Oregon relative expressed interest in adopting J.B., drove down to visit J.B., and was still being assessed for the adoptive placement.  There is no requirement that an approved, prospective adoptive family be in

4

place before the trial court finds the child is likely to be adopted. (*In re A.A.*, *supra*, 167 Cal.App.4th at pp. 1313-1314.)

Appellant suggests that if an adoptive placement is not made within a reasonable time, that J.B. could become a legal orphan with no parent. That scenario has been mooted by the section 366.26, subdivision (i)(3) which provides that if the child is not adopted after the passage of at least three years from the date the trial court terminated parental rights, and the child and the social services agency agree that adoption is not likely, the child may petition for reinstatement of parental rights. (See Cal. Juvenile Dependency Practice (Cont.Ed.Bar 2020), § 7.28, p. 644.)

*Disposition*

The judgment (order terminating parental rights) is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P. J.


PERREN, J.

5

Arthur A. Garcia, Judge

Superior Court County of Santa Barbara

_____

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael C. Ghizzoni, County Counsel, Lisa A. Rothstein, Sr. Deputy, for Plaintiff and Respondent.